ADAIR *et al. vs.* ADAIR.

1. When a will is prepared by one who takes a large benefit under it, it cannot be set up without strong proof that the testator understood its provisions and assented to them.

2. When a legal charge is requested upon the main point in a case, but is unintentionally omitted by the Judge, and not suggested by counsel, when called on at the end of the general charge to suggest omitted points, a new trial ought to be granted.

Caveat to will in Paulding Superior Court. Tried before Judge HAMMOND, March, 1859.

This was a caveat filed by John B. Adair and others, heirs at law, to a paper propounded as the last will and testament of Bozeman Adair, deceased.

The grounds of caveat, were in substance as follows:

1. That deceased was not of sound and disposing mind and memory at the time he executed said alleged last will and testament.

2. That said will was procured, and deceased induced to execute the same, by the undue and unlawful influence of James L. Adair and Mitchell S. Adair, principal legatees in said will, and sons of deceased; said influence exercised at a time when deceased was extremely weak and imbecile from old age and sickness.

3. That deceased was induced to sign said paper by the false and fraudulent representation made to him by said James L. and Mitchell S. Adair, in relation to the conduct of

Adair *et al.*, *vs.* Adair.

the other children of deceased, and the advancements made to said children, and the value of the estate of the deceased.

The case came on for trial in the Superior Court, the appeal from the judgment of the Ordinary, rejecting the paper propounded as the last will and testament of Bozeman Adair deceased.

On the trial, it was proven that at the time the alleged will was executed, deceased was very weak and feeble, and about eighty-six years of age; he spoke very low. The will was read once to him, and he was asked, if it was right, he replied, "*That is the way.*" The paper was then presented, the "rest" upon which the old man leaned, was removed, and a table put in its place; deceased then wrote his name, with the help of one of the witnesses, who guided his hand.

Solomon L. Strickland, the draftsman, and one of the witnesses to the will, proved substantially that James L. Adair called on him to write a will for his father, the deceased, and told him how to write it, saying that "he knew how the old man wanted it written." Witness wrote the will, and went with James L. Adair and Mitchell S. Adair and the other two witnesses to testator's house. Witness spoke to the old man and said, " Grandsire, do you know me?" Testator replied, "No, who are you?" witness said, "Strickland." Witness then told him that he had a paper to read to him, and did read the will to him in a slow and distinct tone. After witness had read the will, he asked the old man if it suited him, he said, " that's the way I want it." He was sitting before the fire and his head was leaning on a fixture made of two upright pieces and a piece of cloth; it might be called a rack. He was very weak and feeble, and the rack was removed and a table put in its place; witness put the pen in his hand, and guided his hand while he signed the will; witness then subscribed as a witness with Lane and Cole.

Upon cross-examination, he testified that he wrote the will in his office, because his writing fixtures were convenient there, and he could write it better there than at testator's house. Witness never had any correspondence with testator on the subject of his will before James L. Adair called on him, as above state, to write the will ; he wrote the will as directed by James L. Adair. To the question, whether he thought testator was, at the time, of sound and disposing mind and memory, witness said, "That is a tight question."

Adair *et al.*, *vs.* Adair.

Much other testimony was introduced both by propounder and caveators, but the foregoing is sufficient to understand fully the exception taken to the rulings of the Court, and to its refusal to charge as requested, and the opinion of this Court upon the errors assigned.

The jury found in favor of the will, and counsel for caveators moved for a new trial upon the following grounds:

1. Because the verdict was contrary to law and the evidence.

2. Because the jury found contrary to the charge of the Court.

3. Because the Court erred in failing to charge the jury as requested by counsel for caveators, " that the presumption is strong against a party preparing a will, who takes a benefit under it, and although it will not be declared void on that account, strong evidence of intention in such a case will be required."

4. Because the verdict of the jury does not find the issue submitted to them, in favor of, or against either party. (The verdict was in the following form, " We the jury agree that this is Bozeman Adair's will.")

5. Because the Court refused to allow the jury to be polled upon the motion of counsel for caveator.

The Court refused the motion for a new trial, and caveator excepted and assign said refusal as error.

Chisolm & Waddell; Miller & Parrott, for plaintiffs in error.

Irwin & Lester, *contra*.

By the *Court*—Stephens, J., delivering the opinion.

There is one ground on which we think a new trial ought to have been granted in this case: the failure of the judge to charge as requested, that where, as in this case, the will is prepared by one who takes a large benefit under it, the will cannot be set up without strong proof that the testator understood its provisions and assented to them. That this charge as asked is sound law, and that it was applicable to the case are propositions not disputed in the argument. The real controversy touching this point, was as to the proper con-

Adair *et al. vs.* Adair.

struction of the bill of exceptions. The bill of exceptions states that the charge was asked and was not given. A note to it adds that the Court recognized it as law, and after concluding his general charge, inquired of counsel whether there were any other points on which they desired a charge, and that they replied there were none. This note does not vary the original statement that the charge was asked and was not given. It does say that the Court *recognized* it as law, but it does *not* say that he *charged* it as law. The Court's recognition of law becomes a guide for the jury when expressed to them, and not before. Then the charge was not given. Was it waived? The exact truth of the case is, that it was not waived, but *forgotten* by the judge and by the counsel. If the Judge had thought of it, he would have given it, for he recognized it as law. If counsel had thought of it, they would have suggested it, when requested to suggest any other points not covered by the general charge, for their case turned on it. Our conclusion is, that the case was submitted to the jury without any instruction upon the main point in it, by an unintentional omission of the Judge; the omission committed by him, and not corrected by the counsel, because they happened to slip into a like momentary trick of the memory. The case was not tried on its merits. The failure, if the fault of anybody, was as much the fault of the Judge as of the counsel; and we think he ought to have granted a new trial on account of it. There is no need to express any opinion upon the other grounds of error, for they involve no general principle, and cannot recur upon the new hearing. As to the point upon the weight of evidence, we will remark, that in our judgment, the evidence was such as not to authorize the Court to set aside a verdict which might have been found either way, if the case had been legally and fully submitted to the jury.

Judgment reversed.